UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

ANDERSSON ALEJANDRO MORALES DIAZ,    )
                                     )
                  Petitioner,        )
                                     )
         v.                          )       No. 2:26-cv-00510-JRS-MG
                                     )
BRISON SWEARINGEN in his official capacity  )
as Sheriff of the Clay County Justice Center, *et al.*,  )
                                     )
                  Respondents.       )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Noncitizen Andersson Morales Diaz petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clay County Jail, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court grants Mr. Morales Diaz's petition and orders the respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Morales Diaz is a Guatemalan citizen and national. Dkt. 8-1 at 4. He entered the United States without inspection in 2021 as a 15-year-old and was promptly apprehended by Border Patrol agents. *Id.* at 2. The government released Mr. Morales Diaz to his mother, who the Court understands was inside the United States, without placing him in a removal proceeding. *Id.*

On July 15, 2026, Indiana State Police arrested Mr. Morales Diaz for driving without a license. *Id.* ICE issued a detainer. *Id.* On July 17, an immigration official issued an administrative warrant "command[ing]" that Mr. Morales Diaz be taken into federal custody under § 1226. Dkt. 8-1 at 8. Mr. Morales Diaz entered ICE custody that day. He remains confined at the Clay County Jail and has not received a bond hearing.

## II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Morales Diaz argues that his continued detention is unlawful for multiple reasons, including that his continued detention without consideration of bond violates the Immigration and Nationality Act (INA). and the Fifth Amendment's Due Process clause.

The respondents initially argued that Mr. Morales Diaz was subject to mandatory detention without consideration of bond pursuant to 8 U.S.C. § 1225(b)(2)(A). However, on July 30, 2026, the Seventh Circuit decided *Cirrus Rojas v. Olson*, --- F.4th ----, No. 25-3127, 2026 WL 2198315, at *4 (7th Cir. July 30, 2026). In *Cirrus Rojas*, the Seventh Circuit determined that § 1225(b)(2)(A)'s mandatory detention scheme applies only to noncitizens who are "seeking admission" to the United States and not to noncitizens like Mr. Morales Diaz who have entered the United States without obtaining lawful admission, remained inside the United States for years, and have been apprehended in the interior of the United States by immigration officials.

The respondents now "acknowledge . . . that *Cirrus Rojas* is binding on this Court," that it "resolves the case and controversy of this" habeas action, and that under *Cirrus Rojas*, "Petitioner's detention is lawful under 8 U.S.C. § 1226 . . . and Petitioner is entitled to a custody redetermination hearing." Dkt. 12 at 1. Thus, it is undisputed that Mr. Morales Diaz is entitled to habeas relief at least insofar as he is eligible for a bond hearing.

## III. Scope of Relief

Mr. Morales Diaz requests immediate release from custody, which is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v.*

*Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Morales Diaz is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Morales Diaz's custody is not unlawful for the reason that the government lacks authority to detain him; it is unlawful only to the extent he has been deprived of the bond hearing that the law requires.

### IV. Additional Claims

Because the Court has found that Mr. Morales Diaz's detention violates the INA, it need not reach his claim regarding bond regulations or his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

The Court also does not reach Mr. Morales Diaz's claim that his detention violates 8 U.S.C. § 1232(c)(2)(b), which directs that, when an unaccompanied child who enters the United States and is taken into the custody of the Department of Health and Human Services later "reaches 18 years of age and is transferred to the custody of the Secretary of Homeland Security, the Secretary shall consider placement in the least restrictive setting available after taking into account the alien's danger to self, danger to the community, and risk of flight." As a legal matter, courts have differed as to whether this provision applies to a detainee like Mr. Morales Diaz who is released from government custody altogether and then redetained as an adult (rather than transferred directly from HHS to DHS custody).[1] As a practical matter, it is not clear whether Mr. Morales Diaz

---

[1] *Anariba Martinez v. Eastwood*, No. 4:26CV3182, 2026 WL 2111176, at *17 (D. Neb. July 22, 2026) ("However, § 1232(c)(2)(B) does not apply here, because when Anariba Martinez reached 18 years of age, he was not in the custody of the ORR but in the custody of his sister and there is no evidence that he was ever transferred from the custody of the ORR to the custody of DHS."); *Sidhant v. Swearingen*, No. 2:26-CV-00281-JRO-MKK, 2026 WL 1424982, at *9 (S.D. Ind. May 20, 2026) ("The text plainly says that individualized assessment applies only at the point where a minor "reaches 18 years of age and is transferred

3

believes he is entitled to greater or different relief under § 1232(c)(2)(B) than he is receiving under § 1226(a). The respondents have not addressed the issue at all. And, the issue may well become moot if Mr. Morales Diaz is released on bond. If Mr. Morales believes he continues to have a viable claim under § 1232(c)(2)(B) after he has received his bond hearing, he may raise the issue in a new habeas action.

The Court does not reach Mr. Morales Diaz's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. The Seventh Circuit has not issued a decision on the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison.[2] Section 1226 is silent as to the burden of proof, so Mr. Morales Diaz's argument must

---

to" DHS. . . . Section 1232(c)(2)(B)'s "age-out" provision does not create a permanent right to an individualized bond redetermination whenever an alien who was formerly a UAC is arrested by ICE well after reaching the age of majority. Rather, its plain terms apply only during the critical time period when UACs become adults and are "transferred" from ORR to the "custody" of DHS."); *R.A.R.R. v. Almodovar*, 824 F. Supp. 3d 299, 309 (E.D.N.Y. 2026) ("The Court therefore finds that although ORR relinquished *physical* custody of Petitioner upon his release to his ORR-vetted and approved sponsor, ORR retained *legal* custody of Petitioner throughout his sponsored release. Petitioner was thus in ORR legal custody up until the day he was re-detained by ICE, at which point Petitioner's custody was effectively transferred from ORR to ICE, which triggered the requirement under Section 1232(c)(2)(B) that ICE conduct an assessment of the "least restrictive [custodial] setting" for Petitioner."); *Hernandez v. Olson*, No. 25-CV-1670-BHL, 2026 WL 161509, at *7 (E.D. Wis. Jan. 21, 2026) ("Espinoza Hernandez, however, was not in ORR's custody—he was released to the custody of a family member and never transferred to the custody of DHS. Accordingly, the statutory requirement that the government consider the least restrictive option would not apply to him.").

[2] *Compare Hernandez-Lara v. Lyons*, 10 F.4th 19, 39 (1st Cir. 2021) ("We therefore conclude that the government must bear the burden of proving dangerousness or flight risk in order to continue detaining a noncitizen under section 1226(a)."); *Velasco Lopez v. Decker*, 978 F.3d 842, 846 (2d Cir. 2020) ("[T]he district court correctly ordered a new bond hearing where the Government bore the burden of proof."), *with Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1214 (9th Cir. 2022) ("[E]ven when there are deficiencies in individual § 1226(a) proceedings, they may be redressable through means short of major changes to the burden of proof."); *Miranda v. Garland*, 34 F.4th 338, 365 (4th Cir. 2022) ("Espinoza did not meet his burden to show a likelihood of success on his claim that requiring an alien in a § 1226(a) bond hearing to show, by a preponderance of evidence, that he is not a danger to the community nor a flight risk violates an alien's rights under the Due Process Clause."); *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 279 (3d Cir. 2018) ("[U]nder § 1226(a) the burden remains on the detainee at all times.").

be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Morales Diaz's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

Finally, the respondents ask the Court to dismiss this action and direct Mr. Morales Diaz to request a bond hearing. In previous cases on the §§ 1225-1226 issue, the Court has not denied habeas relief for failure to request a bond hearing in the immigration court due to the government's firm stance that bond was not possible. *See Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, *2 (S.D. Ind. Dec. 30, 2025). Given that the government has only changed that position in response to *Cirrus Rojas*, and after this litigation began, the Court will not impose an exhaustion requirement now and will instead order the respondents to schedule a bond hearing or release Mr. Morales Diaz.

### V. Conclusion

The Court grants the petition to the extent that **no later ten days from the date of this order**,[3] Respondents must either: (1) provide Mr. Morales Diaz with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Morales Diaz from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Morales Diaz with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

---

[3]   This deadline may be modified without need for Court involvement upon agreement by Mr. Morales Diaz and the federal respondents.

5

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Morales Diaz's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent that it seeks immediate release. The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Date: 08/12/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

Nora Unverzagt Galindo
Law Office of Nora Galindo
nora@noragalindolaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov

6